## B. F. WADE v. THE STATE.

### No. 1952.    Decided March 7, 1900.

**1.  Recognizance on Appeal.**

A recognizance on appeal from a misdemeanor conviction, to be sufficient must allege that appellant has been convicted of the misdemeanor. Code Crim. Proc., art. 887.

**2.  Same.**

A recognizance on appeal must state the same offense as it is alleged in the indictment or information.

**3.  Same—Selling Intoxicating Liquor on Election Day.**

A recognizance on appeal from a conviction for selling intoxicating liquor on election day must allege that the sale was "at or near" the polling place where the election was held.

APPEAL from the County Court of Nolan.   Tried below before Hon. JOHN H. COCHRAN, County Judge.

Appeal from a conviction of selling liquor on an election day; penalty, a fine of $100.

No statement necessary.

*Ragland & Durham*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

· BROOKS, JUDGE:—Appellant was convicted of selling intoxicating liquor on an election day, and his punishment assessed at a fine of $100. The Assistant Attorney-General has filed a motion to dismiss this appeal, setting up the following reasons, to wit: "(1) The recognizance does not set forth that appellant has been convicted of a misdemeanor as required by article 887, Code of Criminal Procedure (Acts 1897, page 5). (2) The offense described in said recognizance is as follows: 'Unlawfully informing another of the whereabouts of spirituous, vinous, malt, and intoxicating liquors on an election day, and in a town where an election was then and there being held by lawful authority;' there being no such offense known to the law as is above attempted to be described. (3) The offense alleged in the indictment is at variance to the purported offense described in the recognizance, in this: that the indictment charges defendant with unlawfully informing one John Bryan of the whereabouts of intoxicating liquor on the inhibited day, 'at and near the polling place,' as required by article 185 of the Penal Code. (4) The gravamen of the offense charged in the indictment and defined by the Penal Code in said article is that the location of said liquors disclosed must be 'at or near' the polling place where said election is held. (5) That said offense is not eo nomine an offense against the laws of this State." We have examined the recognizance, and think the motion of the Assistant Attorney-General is well taken, and the appeal is accordingly dismissed.

*Appeal dismissed.*

· DAVIDSON, Presiding Judge, absent.